[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re Motion to Dissolve Temporary Injunction
This court granted a temporary injunction June 22, 1996 to prevent defendant from removing plaintiff as chief deputy sheriff. Defendant now moves to dissolve it.
The Defendant, Walter Kupchunos, is the High Sheriff for Hartford County, a constitutional officer. Conn. Const. Art.First § 25.
The Plaintiff has a long history of involvement in law enforcement.
In writing, on June 1, 1995, defendant appointed plaintiff to the position of Chief Deputy Sheriff. That appointment was recorded with the Clerk of the Hartford Superior Court on June 5, 1995.
Prior to plaintiff's appointment the defendant established a code of conduct (old code). Pursuant to that old code, disciplinary proceedings as to all sheriff's department personnel would require notice and a hearing before a board with a recommendation to the High Sheriff. Thereafter, the High Sheriff would make a determination of discipline to close the case with or without discipline.
Under that code, there was a requirement for a hearing. An accused could give testimony in support of his position and CT Page 6244 cross-examine accusers.
The appointment of Chief Deputy Sheriff and Deputy Sheriff are two wholly separate appointments. The job requirements and pay sources are different. The methods of appointment are different.
Plaintiff claimed that the old code was a contract and this court held in June 1996 that it was. Since this court's June decision that old code has been significantly amended and there is now a new code. Under the new code defendant now has the absolute right to remove plaintiff from his position of chief deputy sheriff for the code now provides, in pertinent part.
 A. Nothing in the code of conduct shall restrict the ability of the high Sheriff to remove the Chief Deputy or any supervisory personnel without a hearing or cause. Supervisory personnel and the Chief Deputy serve at the pleasure of the High Sheriff and can be removed from their posts at any time without cause or hearing.
The defendant amended the code in accordance with the amendment procedure of the old code.
Defendant intends to remove plaintiff from his post as chief deputy if the temporary injunction is dissolved.
Plaintiff was never removed as a deputy sheriff.
Law
To obtain and maintain a temporary injunction in Connecticut a movant must prove he is or will be irreparably injured, has no adequate legal remedy and will probably prevail ultimately. In addition the court is required to balance the equities between the parties. Griffin Hospital v. Commission on Hospitals andHealth, 196 Conn. 451.
A High Sheriff has statutory authority pursuant to Conn. Gen. Stat. § 6-37 to appoint any of his deputies as Chief Deputy. That section provides inter alia
 Sec. 6-37. Deputies. Chief Deputy. Each sheriff may appoint deputies to act under him, . . . Each sheriff shall appoint one of such deputies to be a chief deputy, CT Page 6245 who shall, in the absence, illness or disability of the sheriff or by his direction, exercise all the powers and perform all the duties of the sheriff prescribed by statute; and, in the event of the death, resignation or removal of the sheriff, shall exercise such powers and perform such duties until the vacancy in the office of sheriff has been filled.
Nothing in that statute restricts a high sheriff from removing the person appointed from the position of chief deputy.
This Court, in previously granting the temporary injunction relied on the old code.
Being removed from a position without cause might injure plaintiff by some minor damage to his reputation.
There is no legal remedy available to plaintiff for such injury to his reputation.
The court cannot find that plaintiff will probably prevail in this action.
The court has carefully balanced all the equities and they come down clearly on defendant's behalf.
Even under the federal cases which plaintiff urges plaintiff cannot prevail. The only reason plaintiff succeeded in June 1996 was that defendant testified that the old code applied to his entire department. The amended code is a significant change in circumstances.
Motion to dissolve is granted without costs.
O'Neill, J.